PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL #17A, | ) ) ) | CASE NO. 5:11-cv-02495 |
| Plaintiff, | ) ) | |
| v. | ) ) | JUDGE BENITA Y. PEARSON |
| HUDSON INSURANCE COMPANY, | ) ) ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** (Resolving ECF Nos. 15 and 17) |

## I. INTRODUCTION

Before the Court are the Motion for Summary Judgment (ECF No. 15) filed by Defendant Hudson Insurance Company ("Hudson"), and Motion for Partial Summary Judgment (ECF No. 17) filed by Plaintiff Local #17A United Food and Commercial Workers Union ("Local #17A"). For the reasons discussed below, Hudson's Motion is denied in its entirety and Local #17A's is granted.

## II. STANDARD

Rule 56 of the Federal Rules of Civil Procedure allows a party to move for summary judgment in its favor with respect to entire claims or defenses or to parts of claims or defenses. Fed. R. Civ. P. 56(a). Pursuant to Rule 56, summary judgment shall be entered in favor of a defendant if the "record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

(5:11cv02495)

admissions, interrogatory answers, or other materials" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A). To meet this burden, the moving party may rely upon the evidentiary materials identified in Rule 56(c)(1)(A) or may merely rely upon the failure of the opposing party to make a showing sufficient to establish the existence of one or more elements essential to that party's case and upon which that party will carry the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Cox v. Kentucky Dep. of Trans*., 53 F.3d 146, 149 (6th Cir. 1995). Summary judgment is appropriate where; even construing the facts most strongly in favor of the non-movant, the proper resolution of issues of law requires that judgment be entered on behalf of the moving party. Fed. R. Civ. P. 56; *see also Celotex*, 477 U.S. 317.

The standard of review for cross-motions for summary judgment does not differ from the standard applied when only one party to the litigation files a summary judgment motion. *Ferro Corp. v. Cookson Group, PLC*, 585 F.3d 946, 949 (6th Cir. 2009); *see also Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust*, 410 F.3d 304, 309 (6th Cir. 2005). Each cross-motion must be evaluated on its own merits, with the court viewing all facts and reasonable inferences in the light most favorable to the nonmoving party. *See Appoloni v. U.S.*, 450 F.3d 185, 189 (6th Cir. 2006).

## II. BACKGROUND

Hudson issued policies of union liability insurance (the "Policies") to Local # 17A that included coverage for, among other things, claims of "wrongful employment practices" as defined in the Policies. Subsequent to the issuance of those policies, the Union's

2

(5:11cv02495)

Secretary-Treasurer and Administrative Assistant, Bettina "Tina" Kendel ("Ms. Kendel"), filed suit in 2009 against the Union for alleged sexual harassment and discrimination by then-Union President Howard Barnes ("Mr. Barnes").  Ms. Kendel later filed a second action in 2010 against Local #17A for retaliation and defamation.

Local #17A asserts that it is entitled to insurance coverage for all of the claims asserted by Ms. Kendel, and Hudson declares that the Union is not.  On or about October 17, 2011, Plaintiff Local #17A filed its Complaint, and later Amended Complaint, alleging that Hudson improperly denied coverage for the claims asserted by Ms. Kendel against Local #17A.

On January 20, 2012, during the Case Management Conference, the Court instructed the parties that this matter should first proceed on the filing of cross-motions for partial summary judgment to address the contractual interpretation concerning the term "employee" under the subject insurance policy.  Each party has filed their respective motions and the motions are now ripe for discussion.[1]

### III.  STANDARD

Rule 56 of the Federal Rules of Civil Procedure allows a party to move for summary judgment in its favor with respect to entire claims or defenses or to parts of claims or defenses. Fed. R. Civ. P. 56(a).  Pursuant to Rule 56, summary judgment shall be entered in favor of a

---

[1] As indicated above Hudson filed a Motion for Summary Judgment as opposed to a motion for Partial Summary Judgment as instructed by the Court. In its motion, Hudson raises additional arguments in support of denying coverage to Local #17A, which are unrelated to the specific issue identified by the Court. Accordingly, the Court disregards those arguments and invites Hudson to re-raise said arguments, if necessary, in subsequent motions.

(5:11cv02495)

defendant if the "record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A).  To meet this burden, the moving party may rely upon the evidentiary materials identified in Rule 56(c)(1)(A) or may merely rely upon the failure of the opposing party to make a showing sufficient to establish the existence of one or more elements essential to that party's case and upon which that party will carry the burden of proof at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Cox v. Kentucky Dep. of Trans.*, 53 F.3d 146, 149 (6th Cir. 1995).  Summary judgment is appropriate where; even construing the facts most strongly in favor of the non-movant, the proper resolution of issues of law requires that judgment be entered on behalf of the moving party.  Fed. R. Civ. P. 56; *see also Celotex*, 477 U.S. 317.

       The standard of review for cross-motions for summary judgment does not differ from the standard applied when one party to the litigation files a summary judgment motion.  *Ferro Corp. v. Cookson Group, PLC*, 585 F.3d 946, 949 (6th Cir. 2009); *see also Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust*, 410 F.3d 304, 309 (6th Cir. 2005).  Each cross-motion must be evaluated on its own merits, with the court viewing all facts and reasonable inferences in the light most favorable to the nonmoving party.  *See Appoloni v. U.S.*, 450 F.3d 185, 189 (6th Cir. 2006).

(5:11cv02495)

## IV.  DISCUSSION AND ANALYSIS

The insurance policies at issue provide the insured, Local #17A, coverage for "wrongful employment practice claims"–which includes the type of conduct alleged by Kendel, such as sexual harassment and retaliation.  But said claims are only covered under the policies when brought by an employee.  The term "employee" is defined in the policies as follows:

> [1]  Employee means any past, present or future person regularly working in the service of the Union at the direction of Union management and who receives from the Union hourly or salary wages and benefits in compensation for work performed, including a part-time, seasonal or temporary person. [2]  Employee does not mean a director or officer of the Union whether appointed or elected, independent contractor, consultant, lobbyist, third party administrator, or any person appointed by the International Union or any other similar entity, serving as trustee, deputy supervisor, or any other similar capacity and operating under the provisions of the Union Constitution or Bylaws.

ECF No. 6 at 26.

In Hudson's motion, it seeks to deny coverage by asserting that Ms. Kendel does not constitute an "employee" under a "wrongful employment practice action."  Hudson claims that Ms. Kendel's position as officer (Secretary-Treasurer) preempts her status as an employee (Administrative Assistant).  Hudson avers that the policy expressly excludes individuals who are officers of the Union.

Local #17A avers that the policy language does not address the situation when an individual is both an employee and an officer.  Local #17A asserts that because the policies are ambiguous by their very language, Local #17A is entitled to an interpretation in its favor.  The Court agrees.

(5:11cv02495)

It is beyond dispute that Ms. Kendal meets the definition of "employee" espoused in the first sentence of the policy as she was and is an administrative assistant, receiving a salary/benefits and has maintained a regular working schedule for the union.  The remaining question is whether the second sentence precludes Ms. Kendel, who is also an officer of Local #17A, from being classified as an employee.  The answer to that question is not entirely clear.

A possible interpretation of the second sentence, advanced by Hudson, is that the second sentence qualifies the first sentence, meaning that those who would qualify as employees under the first sentence would be removed from the classification provided by the second, "non-employee" sentence, if they fit within one of the positions listed in the second sentence.[2]  If Hudson's interpretation prevails, Ms. Kendel, who is an employee, would be excluded from coverage because of her officer status.  This interpretation, however, is problematic in light of the fact that the other positions in the second sentence, *i.e.* independent contractor and consultant, are positions that would not otherwise qualify as employees.[3]

---

[2] Hudson relies upon two cases to support its position– *Carytown Jewelers, Inc. v. St. Paul Travelers Cos., Inc.*, No. 3:06CV312, 2007 WL 174020 (E.D. Va. Jan 18, 2007), and *T.S.I. Holdings, Inc. v. Buckingham*, 885 F. Supp. 1457 (D. Kan. 1995).  Neither case is binding in this Court, and the cases are inapposite as they are clearly factually distinguishable from the case at hand.  ECF No. 15.

[3] If the second sentence were designed to limit the employee definition by removing from that definition certain categories of persons–listed in the second sentence–who ***would otherwise qualify as employees***, then one would have to assume that an independent contractor normally fits into the employee definition, which is untrue.

6

(5:11cv02495)

The Court is more inclined to adopt the interpretation espoused by Local #17A, which holds that the entirety of the definition is written in an "either or" proposition, and that the employee provision is not designed to address the scenario at hand in which an individual is acting in dual capacities–*i.e.* both an employee and an officer.  In short, the first sentence of the "employee" definition clearly designates the status of an "employee" to those individuals fitting within the commonly understood meaning of the term, and the second sentence merely delineates that the term employee would not be *expanded* to include those individuals who may attempt to fit their conduct within the common scope of the term.  This interpretation recognizes that while the second sentence functions to limit the definition of employee, it does not operate to deprive coverage for individuals, who would otherwise hold the status as an employee.

The Ohio Supreme Court has long held that when provisions of an insurance contract are susceptible to more than one interpretation, the concerning language will be interpreted strictly against the insurer and liberally in favor of the insured.  *King v. Nationwide Ins. Co.* 35 Ohio St.3d 208 (1988); *Faruque v. Provident Life & Acc. Ins. Co.*, 31 Ohio St. 3d 34 (1987).  (In the event that the relevant policy provisions are doubtful or uncertain, the policy will be construed strictly against the insurer and liberally in favor of the insured. *Faruque*, 31 Ohio St. 3d at 38.).

In the instant case because the Court finds that the "employee" provision is clearly relevant and either susceptible to more than one interpretation or uncertain as to its meaning, the Court construes the provision against Hudson and finds in favor of Local #17A.[4]

---

[4] Hudson also makes the argument that because Ms. Kendel was subjected to the complained of conduct only in her capacity as an officer, and not an employee, the "employee" provision as read should exempt Ms. Kendel from

7

(5:11cv02495)

## IV. CONCLUSION

For the reasons discussed above, Hudson's Motion for Summary Judgment is denied (ECF No. 15) and Local #17A's Motion for Partial Summary Judgment is granted (ECF No. 17).

    IT IS SO ORDERED.

 June 20, 2012                                */s/ Benita Y. Pearson*
Date                                            Benita Y. Pearson
                                                United States District Judge

---

coverage. The Court finds this argument unavailing. The Court is unaware of case law that allows discrimination related claims to be delineated with respect to one's functional capacity. For instance, as noted by Local #17A, it would be illogical to assume that claims of sexual harassment could have only been geared towards one capacity as an officer, and not an employee. The Court, however, welcomes the parties to re-raise this issue in subsequent filings, if necessary.